**Click here to Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries

**05/06/2024**

**Judge Assigned**

DIV 14

**Summons Issued-Circuit**

Document ID: 24-SMCC-3814, for CHARTER COMMUNICATIONS INC Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Filing Info Sheet eFiling**

**Motion Special Process Server**

Request for Appointment of Process Server.

**Entry of Appearance Filed**

Entry of Appearance JAO.

**Entry of Appearance Filed**

Entry of Appearance MEB.

**Pet Filed in Circuit Ct**

Petition; Exhibit A; Exhibit B.

Exhibit A

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY CIRCUIT CLERK

| | | |
|---|---|---|
| RAMONA SAUNDERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | Division: |
| CHARTER COMMUNICATIONS, INC. | ) | |
| d/b/a/ SPECTRUM | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**PETITION**

COMES NOW Plaintiff Ramona Saunders ("Plaintiff Saunders"), by and through her undersigned attorney, and for her Petition states as follows:

1. Plaintiff Saunders is, and was at all times relevant herein, a resident of St. Louis County, State of Missouri, and is an African-American female.

2. Defendant Charter Communications, Inc. (hereinafter "Spectrum") is, and was at all times relevant herein, a Connecticut corporation licensed to do business in Missouri.

3. Charter Communications, Inc., is an American telecommunications and mass media company with services branded as Spectrum. With over 26 million customers in 41 states, it is the second-largest cable operator in the United States by subscribers, just behind Comcast, and third-largest pay TV operator behind Comcast and AT&T. Moreover, it is the fifth-largest telephone provider based on number of residential lines.

4. The company was initially founded and incorporated in St. Louis, Missouri back in 1993. However, in 2012, Charter Communications relocated its corporate headquarters from St. Louis, Missouri, to Stamford, Connecticut, though kept many of its operations in St. Louis.

5. Spectrum is an American trade name of Charter Communications, used to market consumer and commercial cable television, internet, telephone, and wireless services provided by

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

the company. It was first introduced in 2014; prior to that, these services were marketed primarily under the Charter name. Following the acquisitions of Time Warner Cable and Bright House Networks by Charter, these operations also assumed the Spectrum brand.

6. Venue is appropriate in St. Louis County because Plaintiff was an employee of Defendant Spectrum's business location in St. Louis County.

**STATEMENT OF FACTS**

7. Plaintiff Saunders applied for over 30 positions since she began her employment with Defendant Spectrum in 2016, but was denied for all of them. Got laid off twice since working for Defendant Spectrum.

8. On or around November 2021, Plaintiff Saunders came back work for Defendant Spectrum as an independent contractor making $27 per hour for 40-hour weeks (Approx. $4,320 per month.)

9. On or around June 2022, Saunders was offered a position as a Billing Analyst for the Department of Addressability, making $25 per hour, with the addition of benefits and free cable.

a. Plaintiff Saunders' duties involve operations regarding pay-per-view (PPV) services, working tickets from the ticketing system (TMS), and various duties in the department.

b. Plaintiff Saunders is one of two females in the department and is the only black female in the department. There are only two other black employees in that department, one who was hired last September, and a veteran employee (who also is a gay male with a brain injury).

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

10. On December 20, 2022, the PPV changes came out. Plaintiff Saunders was given two distinct assignments: the PPV and the changes.

11. Plaintiff Saunders learned how to perform PPV Changes in November but had never completed the assigned PPV changes on her own.

12. When Plaintiff Saunders was given the task of working on the December PPV Changes, this was the first time doing them completely on her own. Plaintiff Saunders was being trained on how to work PPV changes from Ms. Rhodes since she was also the trainer on Time Warner Cable (TWC) PPV Build & PPV changes assignments.

13. During that month, Mrs. Rhodes assisted Plaintiff Saunders with setting up the files that were needed to perform the PPV changes.

14. On December 21, 2022, Plaintiff Saunders was to attend her grandmother's funeral. She took time off for bereavement on that day and the day after for vacation.

15. Per Rhodes' recommendation, Plaintiff Saunders was given one day to travel for the services.

16. Later that morning, Plaintiff Saunders received a phone call from Rhodes that Saunders qualified for three bereavement days instead of just one. Saunders took her three days off and came back on Friday of that week. The next day was Christmas Eve. Saunders began working on her PPV assignments on those two days.

17. Saturday, Sunday, and Monday were off days for the department.

18. On that Tuesday, Plaintiff Saunders came back to the office to work on the PPV, because there was an upcoming event around early January.

19. Unfortunately, Plaintiff Saunders got stuck on the time filing for the PPV changes. Once the files were prepared and ready to load in the system, Plaintiff Saunders experienced

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

program overlaps on the controller, a type of system error that Saunders stated that she had no control over.

20. Customers began calling Spectrum, informing the company that they were unable to preorder certain events. By the time the errors were fixed, Plaintiff Saunders was told by Rhodes that she could have worked on the changes first and then the PPV.

21. Before this incident, Plaintiff Saunders was under the reasonable belief that the PPV build had to be worked on first before the PPV changes. Rhodes never informed Plaintiff Saunders that the order of these assignments could have been vice versa.

22. On or around January 18, 2023, Saunders received a "skip-level" write-up merely for this system error incident. This write-up was to be for a whole year. While a verbal warning is generally given in circumstances such as Plaintiff Saunders', this was not the case here.

23. Plaintiff Saunders learned from other employees at Defendant Spectrum that these "skip-level" write-ups were rarely given.

24. As a result of this "skip-level" write-up Saunders was unable to:

a. Receive merit from the previous year she worked there,

b. Receive no commission ($2,000),

c. Participate in any promotional opportunities,

d. Relocate out of her department, and

e. Nominate any charitable organizations for grant opportunities.

25. Within a week after the first write up, Saunders spoke with Tiffany Mickens from HR. She then spoke with Ken Kelt, Ms. Rhodes' supervisor, a few weeks after speaking with Mickens and Rhodes.

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

26. Plaintiff Saunders was given the corrective action virtual form by Rhodes to sign off on. Plaintiff Saunders did not want to sign off on this form, because she wanted to file a rebuttal.

27. Plaintiff Saunders learned from Kelt that instead of one "skip-level" write-up, she actually received two "skip-level" write-ups: one for inadequate performance and the other was for the PPV changes not being timely completed in an effective manner.

28. Receiving these two "skip-level" write-ups affected not only Plaintiff Saunders' merits and bonuses for 2022, but also for 2023. Plaintiff's merit is typically 5% of what she would earn in the year (around $54,000).

29. On or around March 17, 2023, Saunders filed an "Open-Door" complaint via Spectrum's EthicsPoint program, alleging that Rhodes had violated company standards by engaging in unfair treatment based on race and gender.

30. On or around March 21, 2023, Saunders received notice from Rhodes that her performance skip-level write-up, which was initially supposed to have been for 60 days, was extended for an additional 30 days.

31. On or around May 19, 2023, several weeks after Saunders filed her "Open-Door" complaint via EthicsPoint, Spectrum informed Saunders that the investigation into her complaint had concluded. However, Spectrum did not disclose to Saunders what their findings were.

32. On or around June 14, 2023, upon her return from her two-week vacation, Saunders was terminated from her employment with Spectrum.

33. Saunders has incurred lost wage opportunities from both the write-up and her termination of employment.

34. In addition to lost wages, Saunders also has suffered from blood pressure spikes as a result of Rhodes' demeanor toward her at work. Her blood pressure issues got worse the moment

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

she got the write-ups. She continues to seek both mental health counseling and treatment for her blood pressure.

35. Plaintiff filed her claim of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission on July 14, 2023. *See* Exhibit A, Complaint to Missouri Commission on Human Rights (MHRC).

36. Plaintiff obtained her Right to Sue from the MCHR on February 24, 2024. *See* Exhibit B.

**COUNT I: RACE, COLOR, AND SEX DISCRIMINATION, WRONGFUL TERMINATION, AND RETALIATION IN VIOLATION OF MO. REV. STAT. § 213.010**

COMES NOW Plaintiff Saunders, and for her claim of unlawful race, color, and sex discrimination and retaliation under the Missouri Human Rights Act against Spectrum, states as follows:

37. Plaintiff adopts and reincorporates all above paragraphs of this Petition here again.

38. The Missouri Human Rights Act (MHRA) prohibits makes it illegal to discriminate in any aspect of employment because of an individual's race, color, religion, national origin, ancestry, sex, disability or age (40 through 69), including:

a. Hiring and firing;

b. Compensation, assignment, or classification of employees;

c. Transfer, promotion, layoff, or recall;

d. Job advertisements;

e. Recruitment;

f. Testing;

g. Use of company facilities;

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

h. Training and apprenticeship programs;

i. Fringe benefits;

j. Pay, retirement plans, or disability leave;

k. Other terms and conditions of employment.

39. Discriminatory practices under the MHRA can also include:

a. Harassment on the basis of race, color, religion, national origin, ancestry, sex, disability, or age;

b. Retaliating against an individual for filing a complaint of discrimination, participating in an investigation or hearing, or opposing discriminatory practices;

c. Denying employment opportunities to a person because of marriage to, or association with, an individual of a particular race, religion, national origin, or an individual with a disability;

d. Asking certain pre-employment questions. Learn more about questions that are appropriate and lawful to ask during job interviews or on job applications at Pre-Employment Questions.

40. Racial discrimination can occur when:

a. An employer discriminates against an employee on the basis of their race or color during any type of employment decision in any way.

b. An employer who pays one employee more than another employee of a different race, who is in the same position with comparable experience.

c. An employer who exhibits harassing behavior, such as racial slurs or making other derogatory comments about the employee's race or skin color.

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

41. Plaintiff Saunders is an African-American female and was, during all relevant times aforementioned in this Petition.

42. Plaintiff Saunders was, during all relevant times, an employee for Defendant Spectrum.

43. Aside from Rhodes, Plaintiff Saunders was the only female in the Department of Addressability.

44. Plaintiff Saunders is the only black female in the Department of Addressability.

45. Defendant Spectrum continuously demoted Plaintiff Saunders by giving her multiple "skip-level" write-ups and extending the time periods for these to take effect. These "skip-level" write-ups prevented Plaintiff Saunders from:

a. Receiving commissions and merit from the previous year she worked there;

b. Participating in any promotional opportunities;

c. Relocating to a different department; and

d. Nominating any charitable organizations for grant opportunities.

46. Plaintiff Saunders was treated differently from her non-black coworkers for being the only one in her department to receive "skip-level" write-ups.

47. Plaintiff Saunders was treated differently from her male coworkers for being the only one in her department to receive "skip-level" write-ups.

48. Plaintiff alleges that she was retaliated and wrongfully terminated on the basis of race, color, and gender for filing an EthicsPoint complaint against Rhodes.

49. Plaintiff Saunders suffered damages as a result of this discriminatory conduct, as well as wage loss and emotional distress.

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

50. Defendant Spectrum's decision to demote and fire Plaintiff due to her race was willful and harmed Plaintiff without just cause.

51. Plaintiff also is entitled to recover costs, fees, attorneys fees, and other damages as allowed by the MHRA.

WHEREFORE Plaintiff Saunders requests humbly that the Court enter judgement in her favor in excess of $25,000.00, and set the case for trial by jury to assess compensatory damages arising from the discriminatory conduct of Defendant Spectrum, for attorney's fees, and for any other relief as may be just and proper under the circumstances.

Respectfully submitted,

**OTT LAW FIRM**

Joseph A. Ott, #67889

Mark Edward Blankenship Jr

Mark E. Blankenship Jr., #73123

3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

24SL-CC02063

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

MICHAEL L. PARSON, GOVERNOR
ANNA S. HUI, DEPARTMENT DIRECTOR
TIMOTHY FABER, DMIN., COMMISSION CHAIR
ALISA WARREN, PH.D., EXECUTIVE DIRECTOR

## NOTICE THAT A COMPLAINT HAS BEEN FILED

August 14, 2023

Ramona Saunders
4010 Helmkampf Dr
Florissant, MO 63033
*Via Complainant Attorney Email*

RE: Ramona Saunders vs. Charter Communications, Inc.
E-07/23-55356 28E-2023-01448

Dear Ramona Saunders;

This is to inform you the enclosed complaint alleging employment discrimination has been dually filed with the Missouri Commission on Human Rights (MCHR) and the federal Equal Employment Opportunity Commission (EEOC). **Please keep this letter for future reference.**

This complaint will be investigated by MCHR. You are encouraged to cooperate fully in the investigation. An investigator from our agency will be in contact with you. Please keep in mind:

It is VERY IMPORTANT you keep us informed of any change in your address, telephone numbers or email address. The preferred method of contact is email.
In determining if a violation of the law occurred, the Executive Director will consider all facts and evidence provided by you and Respondent in the course of the investigation.
We have already requested Respondent's response to your complaint. When your case is assigned, the investigator will contact you to discuss your allegations and the response.
The parties are encouraged to consider settling this complaint on mutually agreeable terms. Please keep us informed if you and Respondent resolve your complaint.
*If* a questionnaire is enclosed, then please complete and mail it to me by REGULAR, FIRST-CLASS MAIL ONLY at the address marked below.

The statute provides that you may request a right to sue letter. Such a letter would allow you to file suit in court against Respondent named in your complaint using your own resources. MCHR closes its case when it issues a right to sue letter.

If MCHR finds no violation of the statute after investigating your allegations, then MCHR will close your complaint, and you will not be able to get a right to sue letter from MCHR. If you want a right to sue letter, then you may request one in writing at any time. If you have requested a right to sue letter and MCHR has not completed its administrative processing of your complaint after it has been on file for over 180 days, then MCHR will issue your right to sue letter.

If you have any questions, please email: mchrcasecontact@labor.mo.gov Thank you.

Enclosures: copy of complaint, General information Sheet

*NOTICE OF STATUTE PROHIBITING RETALIATION*
It shall be an unlawful practice for any employer, labor organization, or employment agency to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden under this law or because he or she has filed a complaint, testified, or assisted in any proceeding under Chapter 213, RSMo. as amended.

☑ JEFFERSON CITY OFFICE
421 E. DUNKLIN
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
PHONE: 573-472-6651
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY: 1-800-735-2966 (TDD) Relay Missouri: 711
www.labor.mo.gov/mohumanrights E-Mail: mchr@labor.mo.gov

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

MICHAEL L. PARSON, GOVERNOR | ANNA S. HUI, DEPARTMENT DIRECTOR | TIMOTHY FABER, DMIN., COMMISSION CHAIR | ALISA WARREN, PH.D., EXECUTIVE DIRECTOR

## NOTICE THAT A COMPLAINT HAS BEEN FILED

August 14, 2023

Mark E Ott, Attorney
Ott Law Firm
3544 Oxford Blvd.
Maplewood, MO 63143
mark@ott.law

RE: Ramona Saunders vs. Charter Communications, Inc.
E-07/23-55356 28E-2023-01448

This is to inform you the enclosed complaint alleging employment discrimination has been dually filed with the Missouri Commission on Human Rights (MCHR) and the federal Equal Employment Opportunity Commission (EEOC). **Please keep this letter for future reference.**

This complaint will be investigated by MCHR. You are encouraged to cooperate fully in the investigation. An investigator from our agency will be in contact with you. Please keep in mind:

It is VERY IMPORTANT you keep us informed of any change in your address, telephone numbers or email address. The preferred method of contact is email.
In determining if a violation of the law occurred, the Executive Director will consider all facts and evidence provided by you and Respondent in the course of the investigation.
We have already requested Respondent's response to your complaint. When your case is assigned, the investigator will contact you to discuss your allegations and the response.
The parties are encouraged to consider settling this complaint on mutually agreeable terms. Please keep us informed if you and Respondent resolve your complaint.
*If* a questionnaire is enclosed, then please complete and mail it to me by REGULAR, FIRST-CLASS MAIL ONLY at the address marked below.

The statute provides that you may request a right to sue letter. Such a letter would allow you to file suit in court against Respondent named in your complaint using your own resources. MCHR closes its case when it issues a right to sue letter.

If MCHR finds no violation of the statute after investigating your allegations, then MCHR will close your complaint, and you will not be able to get a right to sue letter from MCHR. If you want a right to sue letter, then you may request one in writing at any time. If you have requested a right to sue letter and MCHR has not completed its administrative processing of your complaint after it has been on file for over 180 days, then MCHR will issue your right to sue letter.

If you have any questions, please email: mchrcasecontact@labor.mo.gov Thank you.

Enclosures: copy of complaint, General information Sheet

*NOTICE OF STATUTE PROHIBITING RETALIATION*
It shall be an unlawful practice for any employer, labor organization, or employment agency to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden under this law or because he or she has filed a complaint, testified, or assisted in any proceeding under Chapter 213, RSMo. as amended.

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[X] FEPA E-07/23-55356

[X] EEOC 28E-2023-01448

**Missouri Human Rights Commission** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ramona Saunders** | **3144976730** | [redacted] |

Street Address City, State and ZIP Code

**4010 Helmkampf Dr., Florissant, MO 63033**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against him or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Charter Communications, Inc. d/b/a Spectrum** | **+200** | **(866) 665-7147** |

Street Address City, State and ZIP Code

**14000 Riverport Dr, Maryland Heights, Mo 63043**

FILED
JUL 14 2023
MISSOURI COMMISSION ON HUMAN RIGHTS

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE [X] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **01/18/2023** | **06/14/2023** |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

Ramona Saunders applied for over 30 positions since she began her employment with Spectrum in 2016. Was denied for all of them. Got laid off twice since working for the Spectrum. On or around November 2021, Saunders came back to Spectrum as an independent contractor making $27/hour for 40 hrs week (Approx. $4,320 per month.) On or around June 2022, Saunders was offered a position as a billing analyst for the Department of Addressability, making $25/hour, with the addition of benefits and free cable. Saunders' duties involve operations regarding pay-per-view (PPV) services, working tickets from the ticketing system (TMS), and various duties in the department.

On December 20, 2022, the PPV changes came out. Saunders was given two distinct assignments: the PPV and the changes. Saunders learned how to perform PPV Changes in November but had never completed the assigned PPV changes on her own. When Saunders was given the task of working on the December PPV Changes, this was the first time doing them completely on her own. Saunders was being trained on how to work PPV changes from Ms. Rhodes since she also the trainer on Time Warner Cable (TWC) PPV Build & PPV changes assignments. During that month, Mrs. Rhodes assisted Saunders with setting up the files that were needed to perform the PPV changes.

On December 21, 2022, Saunders was to attend her grandmother's funeral. Took time off for bereavement on that day and the day after for vacation. Per Rhodes' recommendation, Saunders was given one day to travel for the services. Later that morning, Saunders received a phone call from Rhodes that Saunders qualified for three bereavement days instead of just one. Saunders took her three days off and came back on Friday of that week. The next day was Christmas Eve. Saunders began working on her PPV assignments on those two days. Saturday, Sunday, and Monday were off days for the department. On that Tuesday, Saunders came back to the office to work on the PPV, because there was an upcoming event around early January.

Unfortunately, Saunders got stuck on the time filing for the PPV changes. Once the files were prepared and ready to load in the system. Saunders experienced program overlaps on the controller, a type of system error that Saunders stated that she had no control over. Customers began calling Spectrum, informing the company that they were unable to preorder certain events. By the time the errors were fixed, Saunders was told by Rhodes that she could've worked the changes first and then the PPV. Before this incident, Saunders

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

was under the reasonable belief that the PPV build had to be worked on first before the PPV changes. Rhodes never informed Saunders that the order of these assignments could have been vice versa.

On or around January 18, 2023, Saunders received a "skip-level" write-up merely for this system error incident. This write-up was to be for a whole year. While a verbal warning is generally given in circumstances such as Saunders', this was not the case here. Saunders learned from other employees of Spectrum that these "skip-level" write-ups are rarely. As a result of this "skip-level" write-up Saunders was unable to:

a. Receive merit from the previous year she worked there,
b. Receive no commission ($2,000),
c. Participate in any promotional opportunities,
d. Relocate out of her department, and
e. Nominate any charitable organizations for grant opportunities.

Within a week after the first write up, Saunders spoke with Tiffany Mickens from HR. She then spoke with Ken Kelt, Ms. Rhodes' supervisor, a few weeks lafter speaking with Mickens and Rhodes. Saunders was given the corrective action virtual form by Rhodes to sign off on. Saunders did not want to sign off on this form, because she wanted to file a rebuttal. She learned from Kelt that she actually received two "skip-level" write-ups: one for inadequate performance and the other was for the PPV changes not being timely completed in an effective manner. This would affect not only Saunders' merits and bonuses for 2022, but also for 2023. Plaintiff's merit is typically 5% of what she would earn in the year (around $54,000).

Saunders alleges that such adverse actions to her employment were discriminatory on the basis of multiple classes. She is one of two females in the department and is the only black female in the department. There are only two other black employees in that department, one who was hired last September, and a veteran employee (who also is a gay male with a brain injury). Saunders is either the 2nd or 3rd oldest employee in the department.

Saunders also alleges several instances of retaliation. On or around March 17, 2023, Saunders filed an "Open-Door" complaint via Spectrum's EthicsPoint program, alleging that Rhodes had violated Charter standards by engaging in unfair treatment based on race and gender. On or around March 21, 2023, Saunders received notice from Rhodes that her performance skip-level write-up, which was initially supposed to have been for 60 days, was extended for an additional 30 days.

On or around May 19, 2023, several weeks after Saunders filed her "Open-Door" complaint via EthicsPoint, Spectrum informed Saunders that the investigation into her complaint had concluded. However, Spectrum did not disclose to Saunders what their findings were.

On or around June 14, 2023, upon her return from her two-week vacation, Saunders was terminated from her employment with Spectrum. As a result of this, Saunders additionally alleges wrongful termination in addition to retaliation and discrimination on the basis of race, skin color, and age. Saunders has incurred lost wage opportunities from both the write-up and her termination of employment. In addition to lost wages, Saunders also has suffered from blood pressure spikes as a result of Rhodes' demeanor toward her at work. Her blood pressure issues got worse the moment she got the write-ups. She continues to seek both mental health counseling and treatment for her blood pressure.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change his address or phone number and I will cooperate fully with them in the processing of his charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>07/12/2023 — Mark Edward Blankenship<br>Date — *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of his knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>Ramona M Saunders<br>SUBSCRIBED AND SWORN TO BEFORE him THIS DATE *(month, day, year)*<br>Jul 14, 2023 |

FILED

JUL 14 2023

MISSOURI COMMISSION ON HUMAN RIGHTS

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

EEOC FORM 131-A **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

| | |
|---|---|
| Charter Communications, Inc.<br>14000 Riverport Dr<br>Maryland Heights, MO 63043 | PERSON FILING CHARGE<br>Ramona Saunders |
| | THIS PERSON<br>Claims To Be Aggrieved |
| | EEOC CHARGE NO.<br>28E-2023-01448 |
| | FEPA CHARGE NO.<br>E-07/23-55356 |

**NOTICE OF CHARGE OF DISCRIMINATION in Jurisdiction where a FEP Agency will initially process**
*(See the enclosed for additional information)*

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

The Age Discrimination in Employment Act of 1967 (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII)

HAS BEEN RECEIVED BY

The EEOC and sent for initial processing to Missouri Commission On Human Rights **or**

Missouri Commission On Human Rights and sent to the EEOC for dual filing.

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency.

For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

ENCLOSURE(S): Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION
Age, Color, Race, Retaliation and Sex

**See enclosed copy of Charge of Discrimination.**

| DATE | NAME/TITLE OF AUTHORIZED OFFICIAL | SIGNATURE |
|---|---|---|
| 08/14/2023 | David Davis,<br>Acting District Director | |

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

*Enclosure with EEOC Form 131-A*

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** Where a charge... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

# MISSOURI COMMISSION ON HUMAN RIGHTS

## MISSOURI DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS

## COMPLAINT PROCESS

## THE INVESTIGATION

- The person who files the complaint is called the ***Complainant***. The organization or individual against whom the complaint is filed is called the ***Respondent***. When a complaint of employment discrimination is filed with the Missouri Commission on Human Rights (MCHR), it is also automatically filed with the federal Equal Employment Opportunity Commission (EEOC) if the employer has 15 or more employees (or 20 or more employees if based on age). When a complaint of housing discrimination is filed with MCHR, it is also automatically filed with the U.S. Department of Housing and Urban Development.

- When a complaint is filed, MCHR conducts an impartial investigation to determine if the Missouri Human Rights Act was violated. MCHR does not choose sides or represent either the ***Complainant*** or the ***Respondent***. Instead, MCHR looks for information that will show whether or not a person's protected category, such as race, disability, gender, etc., was a contributing factor in the alleged discriminatory act. MCHR is a neutral fact-finder.

- Please cooperate fully and promptly in this investigation because that speeds up the process. Keep us informed of any changes of address, telephone number or e-mail address. If you have an attorney, have him or her supply MCHR with a letter indicating he or she represents you. Also, reply promptly to requests for documents, names of witnesses and any other things MCHR might require. The best way for us to gather the facts is if you assist us.

- When the investigation has been completed, the Executive Director makes the final determination and notifies both parties in writing.

- If the Executive Director finds there was no violation of the statute, then the case will be closed and a notice of right to sue issued to the ***Complainant***. Such a notice allows the ***Complainant*** to file suit in court against the ***Respondent(s)*** named in the complaint. Due to a change in the statute, such notices of right to sue will only be issued regarding alleged discrimination that occurred prior to August 28, 2017.

- If the Executive Director finds no violation in an employment discrimination complaint that has also been filed with EEOC, which will have a case number beginning with an "E," then the ***Complainant*** may ask the EEOC to review that determination. The ***Complainant*** must make this request in writing to EEOC within fifteen (15) days of receiving the Executive Director's determination.

- If the Executive Director determines the statute was violated, then MCHR will attempt to conciliate (settle) the case. If the case does not settle, MCHR can decide to hold a public hearing to adjudicate the complaint.

- If MCHR has not completed its processing of a complaint, then the ***Complainant*** may ask MCHR for a notice of right to sue. When issuing a notice of right to sue, MCHR terminates its investigation and closes its file. **A *COMPLAINANT* MUST FILE SUIT WITHIN TWO (2) YEARS OF THE ALLEGED DISCRMINATORY ACT AND WITHIN NINETY (90) DAYS OF THE ISSUANCE OF THE NOTICE OR THE RIGHT TO SUE WILL LAPSE.**

## SETTLEMENT

- At any time in the complaint process, the ***Complainant*** and the ***Respondent*** may negotiate a settlement to resolve the complaint. MCHR encourages the parties to consider no-fault, compromise settlements.

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

## RETALIATION

- It is illegal to take action against people because they complained of discrimination, whether they complained formally or informally, internally or externally, alleging discrimination against themselves or others. It is also illegal to retaliate against witnesses or anyone who has testified, assisted, or participated in any manner in MCHR's processing of the complaint.

## RECORD KEEPING

- ***Respondents*** are required to keep all of the records the investigation may need. Records made by the employer regarding the ***Complainant*** and other similarly situated persons are to be kept for one full year, but if a complaint is filed, then these records must be kept until the complaint is fully resolved. Records may be important even if they are about the ***Complainant's*** coworkers or those who sought a job ***Complainant*** sought.

## COMPLAINANT OR RESPONDENT ATTORNEYS

- The ***Complainant*** and the ***Respondent*** have the right to have an attorney during the administrative process, but it is not a requirement at the investigation stage. If the ***Complainant*** or ***Respondent*** hires an attorney, then the attorney should send MCHR a letter confirming the representation. All subsequent correspondence will then be sent directly to the attorney. Incorporated ***Respondents*** at public hearing are required to have an attorney.

## REMEDIES FOR DISCRIMINATION

- The Missouri Human Rights Act provides that remedies may be ordered when MCHR finds AFTER A PUBLIC HEARING that a ***Respondent*** has engaged in an unlawful discriminatory practice. Such remedies include, BUT ARE NOT LIMITED TO, payment of back pay, hiring, reinstatement or promotion, the extension of full, equal and un-segregated public accommodations, and payment of actual damages, including compensation for pain, suffering and deprivation of civil rights. The ***Complainant*** has an obligation under the law to mitigate the damages by continuing to seek work during any periods of unemployment.

## QUESTIONS?

- The MCHR staff is here to assist both parties while the complaint is in our process. Do not hesitate to seek clarification on any part of the complaint process. Some of the issues we deal with are complex, and you might want additional information. Copies of the Missouri Human Rights Act and MCHR's Rules and Regulations are available free of charge from our web site at www.labor.mo.gov/discrimination.

**MISSOURI COMMISSION ON HUMAN RIGHTS**
**P.O. Box 1129**
**Jefferson City, MO 65102-1129**
**Phone: 573-751-3325**
**Fax: 573-751-2905**
**E-Mail: mchr@labor.mo.gov**
**Website: www.labor.mo.gov/mohumanrights**

24SL-CC02063

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

MICHAEL L. PARSON
GOVERNOR

ANNA S. HUI
DEPARTMENT DIRECTOR

AL LI
COMMISSION CHAIR

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

Ramona Saunders
4010 Helmkampf Dr
Florissant, MO 63033
*Via Complainant Attorney Email*

**NOTICE OF RIGHT TO SUE**

RE: Ramona Saunders vs. Charter Communications, Inc.
E-07/23-55356 28E-2023-01448

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

February 24, 2024
Date

C: additional contacts listed on next page

☒ JEFFERSON CITY OFFICE
421 E. DUNKLIN STREET
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY: 1-800-735-2966 (TDD) Relay Missouri: 711
www.labor.mo.gov/mohumanrights E-Mail: mchr@labor.mo.gov

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

RE: Ramona Saunders vs. Charter Communications, Inc.
E-07/23-55356 28E-2023-01448

Charter Communications, Inc.
14000 Riverport Dr
Maryland Heights, MO 63043

Jordan P Woody
Thompson Coburn LLP
2100 Ross Avenue Suite 3200
Dallas, TX 75201
jwoody@thompsoncoburn.com

Mark E Blakenship
Ott Law Firm
3544 Oxford Blvd.
Maplewood, MO 63143
mark@ott.law

24SL-CC02063

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY CIRCUIT CLERK

| | | |
|---|---|---|
| RAMONA SAUNDERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | Division: |
| CHARTER COMMUNICATIONS, INC. d/b/a/ SPECTRUM | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Mark E. Blankenship Jr., an attorney at Ott Law Firm, and hereby enters his appearance on behalf of Plaintiff in the above captioned matter.

Respectfully submitted,

**OTT LAW FIRM**

Mark Edward Blankenship Jr

Mark E. Blankenship Jr., #73123
3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
mark@ott.law
*Attorneys for Plaintiff*

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY CIRCUIT CLERK

| | | |
|---|---|---|
| RAMONA SAUNDERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | Division: |
| CHARTER COMMUNICATIONS, INC. d/b/a/ SPECTRUM | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Joseph A. Ott, an attorney at Ott Law Firm, and hereby enters his appearance on behalf of Plaintiff in the above captioned matter.

Respectfully submitted,

**OTT LAW FIRM**

Joseph A. Ott, #67889
3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
*Attorneys for Plaintiff*

24SL-CC02063

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Ramona Saunders
Plaintiff/Petitioner

May 3, 2024
Date

Case Number

vs.

Charter Communications, Inc. d/b/a Spectrum
Defendant/Respondent

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff by and through undersigned counsel (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Tim Moore - STL ProServe | 6614 Clayton Road #311, St. Louis, MO 63117 | 314-962-2222 |
| Name of Process Server | Address or in the Alternative | Telephone |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Charter Communications, Inc. d/b/a Spectrum
Name
13736 Riverport Drive
Address
Maryland Heights, MO 63043
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ______________________
Deputy Clerk

Date

/s/ Joseph A. Ott
Signature of Attorney/Plaintiff/Petitioner
67889
Bar No.
3544 Oxford Blvd., Maplewood, MO 63143
Address
(314) 293-3756 Phone No.
(314) 689-0080 Fax No.

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

24SL-CC02063

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Ramona Saunders
Plaintiff/Petitioner

May 3, 2024
Date

Case Number

vs.

Charter Communications, Inc. d/b/a Spectrum
Defendant/Respondent

Division

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff by and through undersigned counsel (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Tim Moore - STL ProServe | 6614 Clayton Road #311, St. Louis, MO 63117 | 314-962-2222 |
| | Address or in the Alternative | |
| | Address or in the Alternative | |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Charter Communications, Inc. d/b/a Spectrum
Name
13736 Riverport Drive
Address
Maryland Heights, MO 63043
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By /S/ Adam Dockery
Deputy Clerk

05/06/2024
Date

/s/ Joseph A. Ott
Signature of Attorney/Plaintiff/Petitioner
67889
Bar No.
3544 Oxford Blvd., Maplewood, MO 63143
Address
(314) 293-3756 (314) 689-0080
Phone No. Fax No.

Electronically Filed - ST LOUIS COUNTY - May 06, 2024 - 11:04 AM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>KRISTINE A KERR | **Case Number: 24SL-CC02063** | |
| Plaintiff/Petitioner:<br>RAMONA SAUNDERS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARK EDWARD BLANKENSHIP<br>3544 OXFORD BLVD<br>MAPLEWOOD, MO 63143 | |
| Defendant/Respondent:<br>CHARTER COMMUNICATIONS INC<br>DBA: SPECTRUM | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: CHARTER COMMUNICATIONS INC**
**Alias:**
**DBA: SPECTRUM**

**13736 RIVERPORT DRIVE**
**MARYLAND HEIGHTS, MO 63043**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

**06-MAY-2024**
**Date**

**Clerk**

**Further Information:**
**AD**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

____________________ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

____________________ (name) ____________________ (title).

☐ other ____________________.

Served at ____________________ (address)

in ______________ (County/City of St. Louis), MO, on ____________ (date) at __________ (time).

Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ____________________ (date).

*(Seal)* My commission expires: ____________ Date ____________ Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $________________ | |
| Non Est | $________________ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $________________ | (______ miles @ $.______ per mile) |
| **Total** | **$________________** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73